IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH M. ARBING, )<br>*#00564-025*, )<br> )<br>       **Petitioner,** )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA , )<br> )<br>       **Respondent.** | No. 11-CV-286-WDS |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

      This matter is before the Court on Joseph M. Arbing's pro se petition for writ of *coram nobis* or *audita querela* (Doc. 1). He has also filed a motion for leave to proceed *in forma pauperis* (Doc. 2). On May 30, 2003, petitioner pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). The Court sentenced him to 151 months' imprisonment and entered judgment on the same date (Doc. 25, Case No. 02-CR-30109-WDS).[1]

      Petitioner alleges that his sentence is unconstitutional in light of *United States v. Booker*, 543 U.S. 220 (2005).[2] First, he claims his sentence violated the Illinois Constitution, which provides: "No person shall be transported out of the State for an offense committed within the State." Ill. Const. Art. 1, § 11. After being sentenced, petitioner was remanded to the U.S. Bureau of Prisons and has since served his term of imprisonment in Kansas, Indiana,

---

[1] On April 15, 2004, the Court entered an amended judgment to correct a clerical mistake, pursuant to Fed. R. Crim. P. 36 (Doc. 35, Case No. 02-CR-30109-WDS).

[2] The connection here with *Booker* is unclear.

Colorado, and now Florida (Doc. 4). But, he says, he had an Illinois detainer pending for a parole violation and should have been entitled to a hearing before leaving the state, according to *United States ex rel. Hoover v. Franzen*, 669 F.2d 433 (7th Cir. 1981).

Second, petitioner claims he received his G.E.D. in 1976 but was not given credit for that in his presentence investigation report (records of his G.E.D. could not be located). Therefore, he believes he is not receiving the amount of good-time credit each year that he should be entitled to under 18 U.S.C. § 3624(b). He explains that it is not possible for him to attend school now to obtain the G.E.D. and earn the good time because his prison is constantly on lockdown. He claims his sentence is unlawful and violates his constitutional rights, and he therefore urges the Court to transfer him to an Illinois prison and, in view of his lost good time, to reduce his sentence from 151 months to 141 months.

Petitioner styles his petition as one for a writ of *coram nobis* or *audita querela*. The writ of *audita querela* has been abolished in federal civil proceedings and is also not relevant to criminal sentences. *Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004) (citing Fed. R. Civ. P. 60(b)). As the Seventh Circuit has explained,

> [a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton*, 359 F.3d at 857 (internal citations omitted). Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by

> Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, *or that the sentence was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Petitioner is alleging that, due to a sentencing error, his sentence is in excess of the maximum authorized by law. Thus, with respect to good-time credit, this is substantively a § 2255 motion.

But, if a district court intends to recharacterize a motion as a pro se petitioner's first § 2255 motion, the court should notify the petitioner. *Castro v. United States*, 540 U.S. 375, 383 (2003). Further, the court must warn him that such a recharacterization would subject any future § 2255 motion to the restrictions on "second or successive" motions, and give the petitioner the opportunity to withdraw or amend his motion. *Id.* If the court fails to give such notification and warning, then the motion cannot be considered a first § 2255 motion in the future. *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."

Before the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, a motion under § 2255 could be brought at any time. The Act, however, imposed the following limitation period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Further, "for federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525 (2003); *see also* Rule 13(1) of the Supreme Court of the United States ("[A] petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals … is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment.").

Here, petitioner was sentenced, and judgment was entered, on May 30, 2003 (Doc. 25, Case No. 2-CR-30109-WDS). Petitioner appealed, but later voluntarily withdrew the appeal, and it was dismissed on July 23, 2003. Petitioner then had 90 days, until October 21, 2003, to appeal to the U.S. Supreme Court. Therefore, petitioner's judgment of conviction, under § 2255(f)(1), became final on October 21, 2003, and he had one year from that date, until October 21, 2004, to file a § 2255 motion. Yet petitioner did not file this motion until April

11, 2011 (Doc. 1). Thus, the motion comes over six years too late. It is barred, and the Court lacks jurisdiction to entertain it. As discussed above, the Court should ordinarily notify petitioner of its intent to recharacterize his motion, warn him of the consequences concerning second or successive motions, and give him an opportunity to withdraw or amend the motion. In this instance, however, given the time bar, that would be futile. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) (district court's failure to notify the petitioner was harmless because it "would not change the fact that the limitation period for filing a § 2255 motion had long since passed.").

Petitioner also seeks a transfer to an Illinois prison because his current confinement out of state allegedly violates the Illinois Constitution. He further believes he was denied a parole hearing by being transferred out of state, citing *United States ex rel. Hoover v. Franzen*, 669 F.2d 433 (1982). As a result of those allegations, petitioner seeks a transfer to an Illinois prison. In contrast to petitioner's time-barred claim above, this claim does not fall within § 2255 because it does not allege a "violation of the Constitution or laws of the United States." § 2255(a). The Seventh Circuit reached the same conclusion with respect to a habeas motion brought by state prisoners, holding that 28 U.S.C. § 2254(a) limits "habeas relief to violations of the Constitution or laws or treaties of the United States." *United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 436 (1982); *accord Driver v. Hanks*, 136 Fed. App'x 909, 910 (7th Cir. 2005); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002); *Mosley v. Moran*, 798 F.2d 182, 185 (7th Cir. 1986). The general jurisdictional grant that applies to habeas corpus, 28 U.S.C. § 2241(c)(3), imposes the same limit. *Hoover*, 669 F.2d at 436. And, again, even if petitioner's argument could be stretched to include a Fifth Amendment due-process claim,

habeas relief under § 2255 is time barred.

Based on the foregoing, the Court **FINDS** that it does not have jurisdiction over this matter, and petitioner's motion is **DENIED** (Doc. 1). The motion for leave to proceed *in forma pauperis* is also **DENIED** as **MOOT** (Doc. 2). The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   December 7, 2011**

                                           /s/  WILLIAM D. STIEHL
                                                 **DISTRICT JUDGE**